IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kevin Davis, #308569 )<br>            Petitioner, )<br>)<br>v.    )<br>)<br>State of South Carolina, and )<br>Warden of Lee Correctional )<br>Institution, )<br>)<br>            Respondents.[1] )<br>) | Civil Action No.8:08-2448-SB-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. Entry # 15.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on July 3, 2008.[2] On November 21, 2008, the respondent moved for summary judgment. By order filed November 24, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to

---

[1] The petitioner named the State of South Carolina and the Warden of Lee Correctional Institution as respondents. However, a prisoner's custodian is the only proper respondent in a habeas corpus action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Therefore, as the warden is the only proper party in a habeas action, the State should be dismissed from this action. Accordingly, the undersigned will refer to the Warden as the only respondent throughout this report.

[2] The envelope containing the petition was date stamped as having been received on July 3, 2007, at the Lee Correctional Institution mailroom. (Pet. Attach.) Clearly, the year is incorrect and should be 2008 as petition was signed and the envelope was postmarked on July 3, 2008. (Pet. & Attach.) Therefore, the undersigned will use July 3, 2008, as the filing date. *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

adequately respond to the motion. On December 22, 2008, the petitioner filed a response opposing the respondent's summary judgment motion.

## **PROCEDURAL HISTORY**

The petitioner is currently confined at the Lee Correctional Institution. In June 2004, the petitioner was indicted for first degree burglary. On December 15, 2004, the indictment was amended and true billed by the Grand Jury of Richland County. On April 4, 2005, the petitioner pled guilty to first degree burglary and the Honorable Alison Renee Lee sentenced him to twenty-one (21) years. The petitioner did not file a direct appeal.

On October 10, 2005, the petitioner filed an application for post-conviction relief ("PCR") raising the following grounds for relief: "Alleging ineffective assistance of counsel violation of my 5th + 14th, 6th, 4th Amendments Rights and that my plea wasn't involuntaryily[sic] made." On November 30, 2006, the petitioner filed an amended application for PCR alleging he was also denied effective assistance of trial counsel in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, South Carolina Constitution and laws.

On February 28, 2007, an evidentiary hearing was held before the Honorable James R. Barber. (App. 39). The petitioner was present and represented by Charles T. Brooks, III, Esquire. On April 10, 2007, Judge Barber denied the petitioner's PCR. (App. 71). The petitioner filed a timely appeal.

On appeal, the petitioner was represented by Appellate Defender LaNelle C. DuRant. DuRant filed a *Johnson* petition seeking a writ of certiorari. In the Johnson petition, counsel argued that the PCR Court erred in failing to find trial counsel ineffective for not insuring that appellant's guilty plea was freely and voluntarily given. The petitioner also filed a pro se petition in which he alleged that the PCR Court erred in failing to find trial counsel ineffective for not insuring that the petitioner's guilty plea was freely and voluntarily

2

given, the PCR Court erred in failing to find trial counsel ineffective, due to trial counsel's failure to explain to the petitioner the modification of the indictment to include possession of a deadly weapon to which he was pleading guilty, and the PCR Court erred in failing to find trial counsel ineffective for failure to challenge the jurisdiction of the court when the indictment had been altered. On May 7, 2008, the South Carolina Supreme Court denied the petition for writ of certiorari

The petitioner filed this federal habeas petition raising the following grounds for relief, quoted verbatim:

> **Ground One:** 4th Amendment of the Constitution violated
> **Supporting Facts:** Defendant was held unlawfully when his charge of First degree burglary was dismiss at the preliminary hearing, the solicitor then held defendant on bogus charges stemming from the original charge that was dismissed earlier that day. Defendant was detained on false information.
>
> **Ground Two:** 5th Amendment to the Constitution violated
> **Supporting Facts:** Defendant was given a indictment that had two (2) grand jury foreperson name on it, the indictment had been amended to add an element which defendant was never charge with. There was (2) two true billed on the indictment (1) one stamped the other wrote in. There is no victim name on the indictment, How could the defense face his accuser? Defendant Due process was violated.
>
> **Ground Three:** 6th Amendment of the Constitution violated.
> **Supporting Facts:** This Amendment provides the defendant with the right to face his accuser face to face, when defendant was charge with a deadly weapon charge, which was an element on the indictment which defendant knew nothing about, so that makes the indictment (Defective).
>
> **Ground Four:** 14th Amendment of the Constitution violated.
> **Supporting Facts:** Defendant was denied Due Process of law, when the solicitor had defendant held unlawfully and charge with bogus charges when there wasn't a crime, because defendant charges was dismissed at the preliminary hearing.
>
> **Ground Five:** Ineffective assistance of counslor in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, South Carolina Constitution and law.
> **Supporting Facts:** A. Defendant was denied the effective assistance of trial counsel due to trial counslor's failure to

3

> explain to Applicant the modification of the indictment to include Possession of a deadly weapon to which he was pleading guilty. B. Defendant was denied the effective assistance of trial counsel due to trial counslor's failure to challenge the jurisdiction of the court when the indictment had been altered.
>
> **Ground Six:** Subject Matter Jurisdiction.
> **Supporting Facts:** A. Trial court did not have subject matter jurisdiction to accept defendant guilty plea, because amendment to indictment took the defendant by surprise when the indictment charge the defendant with a deadly weapon to enhance the penalty and change the charge and to prejudice the defendant by failing to let the defendant know the charges against him. B. Trial court lost subject matter jurisdiction over first degree burglary charge when it permitted state, at outset of trial to amend indictment to replace words "in the hours during darkness" with the Defendant armed with a deadly weapon. (Aggravating circumstance was required element of first degree burglary) aggravating circumstance which conviction was based was never presented to the grand jury, because defendant was never charge with a deadly weapon, but it was an element on the alter indictment.

(Pet.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or

> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

### EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be

filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

8

. . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); and *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental

miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## **DISCUSSION**

**Procedurally Barred Claims**

The respondent contends that the claims raised in Grounds One, Two, Three, Four, and Six are procedurally barred as they were either not raised, not properly raised, or not ruled upon in state court. The undersigned agrees.

In Ground One, the petitioner alleges his Fourth Amendment rights were violated because he was unlawfully held after a preliminary hearing. In Ground Two, the petitioner raises a Fifth Amendment due process claim based on an alleged defective indictment. In Ground Four, the petitioner asserts that his due process rights under the Fourteenth Amendment were violated because he was initially held on charges that were later dismissed at a preliminary hearing. These direct appeal issues were not asserted at the trial level nor raised on direct appeal. *Drayton v. Evatt*, 430 S.E.2d 517, 519 (S.C.1993) (issues that could have been raised at trial or on direct appeal can not be raised in a PCR application absent a claim of ineffective assistance of counsel). Thus, these claims could not have been reviewed by the South Carolina appellate courts. Since these claims were

10

not properly pursued by the petitioner on direct appeal, federal habeas review of these claims is now precluded. *Wainwright v. Sykes*, 433 U.S. 72 (1977).

Further, although the petitioner attempted to raise these claims as freestanding claims in his PCR, the PCR judge did not address these issues in his order denying the petitioner PCR. The petitioner did not file a Rule 59 motion and request a ruling on these issues. *Al-Shabazz v. State,* 527 S.E.2d 742, 747 (S.C. 2000)(holding "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order.") Because the PCR judge did not address these issues in his order of dismissal, the South Carolina Supreme Court would not have been able to review these issues. *McCullough v. State*, 464 S.E.2d 340, 341 (S.C.1995); *Pruitt v. State,* 423 S.E.2d 127, n. 2 (S.C. 1992)(holding issue must be raised to and ruled on by the PCR judge in order to be preserved for review). Accordingly, these issues are barred from habeas review. *Coleman v. Thompson,* 501 U.S. 722 (1991).

In Ground Three, the petitioner asserts a Sixth Amendment Confrontation Clause claim. He asserts that his right to face his accuser was violated because the indictment was amended, and he was not informed of the amendment. In Ground Six, the petitioner asserts the plea court lacked subject matter jurisdiction to take his plea. These claims are procedurally barred because they were was never raised in state court. "To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." *Matthews v. Evatt,* 105 F.3d 907 (4th Cir. 1997)).

When a state prisoner has defaulted his claims in state court, habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. The petitioner has not argued any ground to excuse the default and none is readily apparent on this record. Thus, these claims are procedurally barred from habeas review.

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, the undersigned will not discuss the merits of the claims raised in Grounds One, Two, Three, Four, and Six as these claims are procedurally barred. The remaining claim set forth on Ground Five is discussed on the merits below.

**Merits**

**Ground Five**

In Ground Five, the petitioner alleges trial counsel was ineffective for failing to explain to him the modification to the indictment and challenge the trial court's subject matter jurisdiction after the indictment was amended.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United State Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id.* at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. *Id.* at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland,*

defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell,* 506 U.S. 364 (1993). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland,* 466 U.S. at 689.

The PCR Court found that the petitioner's claim that trial counsel was ineffective for failing to explain the modification of the indictment to the petitioner was without merit. (App. 69). Specifically, the PCR Court stated that the petitioner failed to show he was prejudiced. Further, the PCR Court noted that it was clear that the petitioner was advised of the charges he faced prior to the guilty plea, and that the charges were reexplained to the petitioner by the trial court. *Id.* The PCR Court's factual findings that the petitioner was advised of the charges prior to the plea and by the trial court are entitled to deference. *Evans v. Smith*, 220 F.3d 306, 311-312 (4th Cir. 2000). Thus, even if trial counsel did not inform the petitioner of the charges, the plea court did and thus the petitioner could not have been prejudiced. (App. 6).

In regard to the petitioner's claim that trial counsel was ineffective for not challenging the jurisdiction of the court based on the amended indictment, the PCR Court found this claim to be without merit. It noted that the petitioner failed to show how he was prejudiced by his counsel's failure to move to quash the indictment. (App. 69).

The petitioner has not proven error or prejudice as required by *Strickland* as the result of trial counsel's failure to object to the alleged lack of subject matter jurisdiction or the purportedly insufficient indictment. Under South Carolina law, subject matter jurisdiction refers to the class of cases a court may hear and remains unaffected by challenges to an

13

indictment. *State v. Gentry*, 610 S.E.2d 494 (S.C. 2005). An indictment is a notice document and defects in an indictment do not affect subject matter jurisdiction. Subject matter jurisdiction is the power of a court to hear a particular class of cases, and it has nothing to do with the indictment document. *Id.* at 499. Therefore, the petitioner is unable to prove prejudice because the court retained subject matter jurisdiction irrespective of his allegedly insufficient indictment. It is axiomatic that failure to raise a meritless objection cannot serve as a ground for ineffective assistance of counsel. *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994). Thus, the petitioner's claim does not satisfy the *Strickland* standard. Morever, "[v]ariances and deficiencies in state indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir.1985). Accordingly, the PCR court's decision was not contrary, nor an unreasonable application of, clearly established federal law. Thus, this ground is without merit.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (# 25) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

April 9, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).