| | |
|---|---|
| Kevin Davis, #308569 ) | |
| ) | Civil Action No. 8:08-2448-SB-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| State of South Carolina and Warden ) | **ORDER** |
| of Lee Correctional Institution, ) | |
| ) | |
| Respondents.[1] ) | |



This matter is before the Court on the Petitioner's *pro se* request for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. 636(b)(1)(B). In the R&R, United States Magistrate Judge Bruce H. Hendricks recommends that the Court grant the Respondent's motion for summary judgment. The Petitioner filed timely objections to the R&R, and the matter is ripe for review. See 28 U.S.C. § 636(b)(1) (stating that a party may object, in writing, to an R&R within ten days after being served with a copy of that report).

## BACKGROUND

The Petitioner is incarcerated at the Lee Correctional Institutioon of the South Carolina Department of Corrections. In June of 2004, the Petitioner was indicted for first degree burglary. The indictment was amended and true billed by the Richland County Grand Jury on December 15, 2004. On April 4, 2005, the Petitioner, who was represented

---

[1] As the Magistrate Judge noted, the Warden of Lee Correctional Institution is the only proper respondent to this habeas corpus petition. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Therefore, the Court dismisses the State of South Carolina from this action and refers to the Warden as the Respondent.

by attorney Hans Pauling, pleaded guilty to first degree burglary, and the Honorable Alison Renee Lee sentenced the Petitioner to twenty-one (21) years imprisonment. The Petitioner did not file a direct appeal.

On October 10, 2005, the Petitioner filed an application for post-conviction relief ("PCR"). In his PCR application, the Petitioner alleged violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights; in addition, he asserted that his guilty plea was not voluntary. On November 30, 2006, the Petitioner amended his PCR application and asserted that he was denied effective assistance of counsel in violation of his Fifth, Sixth, and Fourteenth Amendment rights. Specifically, the Petitioner amended his application to allege that trial counsel failed to (1) explain the modification of the original indictment to include possession of a deadly weapon and (2) challenge the jurisdiction of the trial court based on the alteration of the indictment. On February 28, 2007, the Honorable James R. Barber held an evidentiary hearing, at which the Petitioner testified. Attorney Charles T. Brooks, III represented the Petitioner. On April 10, 2007, Judge Barber entered a written order denying the Petitioner relief. In the written order, Judge Barber addressed the Petitioner's claims: that trial counsel was ineffective for failing to explain the modification of the indictment; that trial counsel was ineffective for failing to challenge the jurisdiction of the court after the alteration of the indictment; and that trial counsel was ineffective for failing to request a preliminary hearing following the second indictment. Judge Barber determined that the Petitioner had waived any other issues that were included in his application but not raised at the hearing.

The Petitioner appealed the denial of his PCR application to the South Carolina Supreme Court, and Appellate Defender LaNelle C. DuRant represented the Petitioner on

appeal. DuRant filed a <u>Johnson</u> petitioner seeking a writ of certiorari, asserting that the PCR court erred in failing to find that trial counsel was ineffective for not insuring that the Petitioner's guilty plea was freely and voluntarily given. The Petitioner also filed a *pro se* petition in which he raised the following issues:

> A. Did the PCR Court err in failing to find trial counsel ineffective for not insuring that appellant's guilty plea was freely and voluntarily given?
>
> B. Did the PCR Court err in failing to find trial counsel ineffective, due to trial counsel's failure to explain to Applicant the modification of the indictment to include possession of a deadly weapon to which he was pleading guilty?
>
> C. Did the PCR Court err in failing to find trial counsel ineffective for failure to challenge the jurisdiction of the court when the indictment had been altered?

(*Pro Se* Pet. for Cert. at 2.) On May 7, 2008, the South Carolina Supreme Court denied the petition for a writ of certiorari.

On July 3, 2008, the Petitioner filed the current petition for a writ of habeas corpus, alleging the following grounds for relief, taken verbatim from his petition:



> **Ground One:** 4th Amendment of the Constitution Violated
>
> Supporting Facts: Defendant was held unlawfully, when his charge of First degree burglary was dismiss[ed] at the preliminary hearing, the Solicitor then held defendant on bogus charges stemming from the original charge that was dismissed earlier that day. Defendant was detained on false information.
>
> **Ground Two:** 5th Amendment of the Constitution Violated
>
> Supporting Facts: Defendant was given a[n] indictment that had two (2) grand jury foreperson name on it, the indictment had been amended to add an element which defendant was never charge[d] with. There was (2) two True Billed on the indictment (1) one stamped, the other

wrote in. There is no victim name on the indictment, How could the defense face his accuser? Defendant['s] Due Process was violated.

**Ground Three:** 6th Amendment of the Constitution Violated

Supporting Facts: This Amendment provides the defendant with the right to face his accuser face to face, when defendant was charge[d] with a deadly weapon charge, which was an element on the indictment which defendant knew nothing about, so that makes the indictment (Defective).

**Ground Four:** 14th Amendment of the Constitution Violated

Supporting Facts: Defendant was denied Due Process of law, when the Solicitor had defendant held unlawfully and charge[d] with bogus charges when there wasn't a crime, because the defendant['s] charges were dismissed at the preliminary hearing.

**Ground Five:** Ineffective assistance of couns[e]lor in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, South Carolina Constitution and laws

Supporting Facts: (a) Defendant was denied the effective assistance of trial counsel due to trial couns[e]lor's failure to explain to Applicant the modification of the indictment to include Possession of a deadly weapon to which was pleading guilty.

(b) Defendant was denied the effective assistance of trial counsel due to trial couns[e]lor's failure to challenge the jurisdiction of the court when the indictment had been altered.



**Ground Six:** Subject Matter Jurisdiction

Supporting Facts: (a) Trial Court did not have subject matter jurisdiction to accept defendant['s] guilty plea, because amendment to indictment took the defendant by surprise when the indictment charge[d] the defendant with a deadly weapon to enhance the penalty and

4

> change the charge and to prejudice the defendant by failing to let the defendant know the charges against him.
>
> (b) Trial Court lost subject matter jurisdiction over first degree burglary charge when it permitted state, at outset of trial to amend indictment to replace words "in the hours during darkness" with the Defendant was armed with a deadly weapon. (aggravating circumstance was required element of first degree burglary), aggravating circumstance [on[ which conviction was based was never presented to the grand jury, because defendant was never charge[d] with a deadly weapon, but it was an element on the alter[ed] indictment.

On November 21, 2009, the Respondent filed a motion for summary judgment, asserting that the claims raised in grounds one, two, three, four, and six are procedurally barred, or in the alternative, that they fail on the merits. The Respondent also asserts that the claims raised in ground five fail on the merits. The Petitioner filed a timely response in opposition to the Respondent's motion on December 22, 2008.

On April 9, 2008, the Magistrate Judge issued an R&R recommending that the Court grant the Respondent's motion for summary judgment and deny the Petitioner's § 2254 petition. Specifically, the Magistrate Judge agreed with the Respondent that the claims raised in grounds one, two, three, four, and six of the petition are procedurally defaulted and that ground five fails on the merits. The Petitioner filed timely objections to the R&R.

## STANDARD OF REVIEW

I.  **Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "there is no genuine issue as to any material fact." The Court is not to weigh

5

the evidence, but determine whether there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249 (1986). If no material dispute exists, summary judgment should be granted against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Const., Inc. 915 F.2d 121, 123-24 (4th Cir. 1990).

## II. The Magistrate Judge's R&R

This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations outlined by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(B). Any written objection must specifically identify the portion of the R&R to which the objection is made and give the basis for the objection. Id.

## DISCUSSION

### I. Exhaustion

Relief under § 2254 may be had only after a habeas petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas corpus. Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375 (1998) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)); see also 28 U.S.C. § 2254(b). Stated plainly, in the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254

petitioner is required to "exhaust" all state remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

To exhaust a claim in state court, a South Carolina habeas petitioner must pursue a direct appeal and/or file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10–160. "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564 (1990).

## II. Procedural Default

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. See Smith v. Murray, 477 U.S. 527, 533  (1986). Procedural default can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. In South Carolina, if a prisoner fails to file a direct appeal or a PCR application and the deadlines for filing have passed, then he is barred from proceeding in state court. Moreover, a petitioner must raise all grounds previously raised but denied at the PCR hearing in his subsequent petition to the South Carolina Supreme Court for a petition for a writ of certiorari if he is to preserve them for later consideration.

## III. The Relationship Between Exhaustion and Procedural Default

7

If a petitioner in federal court has failed to raise a claim in state court at the appropriate juncture and is precluded by state rules from returning to state court to raise the issue, then he has procedurally defaulted his opportunity for relief in the state courts. Under these circumstances the exhaustion requirement is technically met and the rules of procedural bar apply. See Matthews v. Evatt, 105 F.3d 907 (4th Cir. 2997), cert. denied, 522 U.S. 833 (1997) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996)). In other words, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. Teague, 489 U.S. at 297-98.

## IV. Excusing Procedural Default

Notwithstanding the foregoing, the requirement of exhaustion is not jurisdictional, and a federal court may consider claims that have not been presented to the highest South Carolina court with jurisdiction to hear the claim in very limited circumstances. Cranberry v. Greer, 481 U.S. 129, 131 (1989). A federal court will review a procedurally defaulted claim if the petitioner can demonstrate cause for the default and actual prejudice therefrom, or his actual innocence of the crimes for which he is being held. Coleman, 501 U.S. at 750. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Moreover, the claim of cause itself must be exhausted. See Edwards v. Carpenter, 529 U.S. 466 (2000).

8

Next, to establish "actual prejudice," a petitioner generally must show some error. In addition, a petitioner must show an actual and substantive disadvantage as a result of the error, not merely the possibility of harm. Lastly, "actual innocence" is not an independent claim, but a method of excusing default. To prevail under this theory, a petitioner must produce new evidence that was not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999).

## V. Habeas Corpus Relief

With respect to those claims adjudicated on the merits, habeas relief is warranted only if the Petitioner can demonstrate that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).



In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. Id. at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. Id. at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. Id. at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

9

## VI. The Magistrate Judge's R&R and the Petitioner's Objections

Here, the Magistrate Judge found that the claims set forth in grounds one, two, three, four, and six of the § 2254 petition are procedurally defaulted because they either were not properly raised or were not ruled upon by the state court. First, with respect to grounds one, two, and four (alleging violations of the Fourth, Fifth, and Fourteenth Amendments, respectively), the Magistrate Judge noted that these issues were not raised at the trial level or on direct appeal. Moreover, although the Petitioner attempted to raise these claims in his PCR application, the Magistrate Judge determined that the PCR judge did not address these issues in his order, and because the Petitioner did not file a Rule 59 motion requesting a ruling on these issues, the Magistrate Judge noted that the South Carolina Supreme Court was foreclosed from addressing these issues. Next, with respect to grounds three and six (alleging a violation of the Sixth Amendment and that the plea court lacked subject matter jurisdiction, respectively), the Magistrate Judge determined that these claims are procedurally defaulted because they were never raised in state court. In addition, the Magistrate Judge determined that the Petitioner could not demonstrate "cause and prejudice" or actual innocence to excuse the procedural default. Because the Magistrate Judge found the claims in grounds one, two, three, four, and six procedurally defaulted, she did not address these claims on the merits.

Next, with respect to ground five (that trial counsel was ineffective for failing to explain the modification in the indictment and for failing to challenge the trial court's subject matter jurisdiction after the amendment to the indictment), the Magistrate Judge determined that the Petitioner had not shown error or prejudice as required by Strickland v. Washington, 466 U.S. 668 (1984), and that the trial court's findings on these claims were

10

not contrary to, nor an unreasonable application of, clearly established federal law.

In his objections, the Petitioner first asserts that the Magistrate Judge was wrong to determine that the claims raised in grounds one, two, three, four, and six of the § 2254 petition are procedurally defaulted. The Petitioner apparently takes issue with the Magistrate Judge's reliance on Drayton v. Evatt, 312 S.C. 4, 430 S.E.2d 517 (1993), and he asserts that Drayton "provides that issues not raised at trial or direct appeal may be raised in [a] P.C.R. application under a claim of ineffective assistance of counsel." (Entry 22 at 1.) A review of the R&R indicates that the Magistrate Judge actually cited Drayton for the same proposition stated by the Petitioner, i.e., the Magistrate Judge noted in a parenthetical that the court in Drayton held that "issues that could have been raised at trial or on direct appeal cannot be raised in a PCR claim absent a claim of ineffective assistance of counsel." (R&R at 10.) After review, the Court finds this objection without merit.

Next, the Petitioner asserts that the Magistrate Judge "seems to misinterpret his entire case," and he objects to the Magistrate Judge's finding that he failed to raise grounds three and six in state court. The Petitioner asserts that he presented both Fifth and Sixth Amendment violations to the PCR court. A review of the record indicates otherwise. Nevertheless, even giving the Petitioner the benefit of the doubt and considering these claims, the Court believes they fail on the merits.[2]

---

[2] Having found the Petitioner's claims in grounds one, two, three, four, and six procedurally defaulted, the Court recognizes that any discussion of the merits of the claims is unnecessary. Nevertheless, as a practical matter, the Court believes that the claims in grounds one, two, and four (in addition to the claims in grounds three and six, as discussed above) fail on the merits. First, with respect to ground one, the Court does not agree with the Petitioner's assertion that he was held on "bogus charges." Second, with respect to

11

First, with respect to the Petitioner's claim in ground three (that his Sixth Amendment confrontation rights were violated), the Court notes that, by pleading guilty, the Petitioner actually waived his right to confront his accusers. Moreover, the record indicates that the Petitioner was advised of this prior to pleading guilty and that he understood he was waiving this right. In addition, to the extent that the Petitioner is reasserting his claim concerning the sufficiency of the indictment, the Court finds the claim without merit. Here, the indictment tracked the language of the statute and informed the Petitioner of the charges he faced. Furthermore, the amendment to the indictment was true-billed by the grand jury. After review, the Court finds that the Petitioner has not shown that the indictment was insufficient.

Next, with respect to ground six (that the trial court lacked subject matter jurisdiction based on the amendment to the indictment), the Court also finds this claim fails on the merits. First, the Court notes that issues with state court indictments and state court subject matter jurisdiction are matters of state law and are not properly considered on federal habeas corpus review. Nevertheless, even considering the claim, the Petitioner has not shown that the state court lacked subject matter jurisdiction of the criminal charges.

In his objections, the Petitioner next asserts that he "is not at liberty to establish" cause and prejudice and that his claims are not subject to the aforementioned procedural bars. (Entry 22 at 2.) The Court finds this objection without merit.

Lastly, the Petitioner objects to the Magistrate Judge's determination that the claims

---

ground two, as set forth in more detail above, the Petitioner has not shown that the indictment was insufficient. Lastly, with respect to ground four, the Petitioner has not shown a violation of due process because he was held on "bogus charges."

of ineffective assistance of counsel fail on the merits. The Petitioner points to no legal or factual error in the R&R but asserts that the Magistrate Judge is confused and that his "cause before the court was to explain that he was being held on a fraudulent indictment, nothing more!" (Entry 22 at 3-4.)

Here, after an extensive review of the record, including the Magistrate Judge's R&R and the Petitioner's objection, the Court finds that the Magistrate Judge properly determined that the Petitioner has failed to demonstrate error or prejudice, as required by Strickland, and that the PCR court's decision was not contrary to, nor an unreasonable application of, clearly established federal law. Moreover, as previously set forth, the Court rejects the Petitioner's arguments concerning the sufficiency of the indictment. Therefore, this objection is overruled.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the Petitioner's objections (Entry 22) are overruled; the R&R (Entry 20) is adopted; and the Respondent's motion for summary judgment (Entry 15) is granted.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

September 2, 2009
Charleston South Carolina